**Frank Peter DOYLE et al., Appellants,**

v.

**Edward J. BRENNER, Commissioner of Patents, Appellee.**

No. 20297.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 17, 1967.

Decided July 21, 1967.

Mr. Albert L. Jacobs, Jr., New York City, with whom Messrs. Albert L. Jacobs, New York City, and James W. Dent, Washington, D. C., were on the brief, for appellants. Mr. James E. Bryan, Washington, D. C., also entered an appearance for appellants.

Mr. Joseph Schimmel, Sol., U. S. Patent Office, for appellee.

Before BAZELON, Chief Judge, McGOWAN and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge.

This case arises out of proceedings in the Patent Office in which appellants applied for a patent involving phenoxacetylpenicillanic acid (6–APA), a reagent in a penicillin producing process. After appellants' application was rejected as unpatentable, the District Court reversed a Patent Office determination that another application involving 6–APA, that

of a Mr. Sheehan, was unpatentable on grounds of obviousness.[1] Accordingly, appellants asked for reconsideration of their rejection and for a declaration of interference with Sheehan. The Patent Office notified appellants that the prosecution of their application was being suspended pending a determination of whether to declare an interference. Then appellants were advised that a patent had been issued to Sheehan and that their application was finally rejected as unpatentable, the Sheehan patent being used as the critical reference against them.

The basis for this rejection was that the Sheehan patent described 6–APA and was entitled to a filing date earlier than the earliest date of conception claimed by appellants.[2] Although the Sheehan application had a filing date later than appellants', it was the continuation-in-part of a parent application, also describing 6–APA, having a filing date earlier than appellants. The examiner ruled the Sheehan patent was entitled to the filing date of the parent application.

Appellants argued that Sheehan was not entitled to the filing date of the parent because 6–APA, though mentioned in the parent application, had not actually been made at that time. The examiner agreed that applicants had made a prima facie showing that Sheehan had not made 6–APA under the parent. He ruled, however, that in the absence of a conclusive showing by appellants overcoming his determination that Sheehan was entitled to the parent date, appellants' application was unpatentable over Sheehan, and no interference could be declared.

The Commissioner denied appellants' petition for review stating that the examiner's rejection of appellants' application on patentability grounds rather than declaring an interference was permissible under the interference rules, and that it was for the Patent Office Board of Appeals to decide whether the examiner had erred in concluding that appellants' application was unpatentable over the Sheehan patent. Appellants' action for review of the Commissioner's decision was dismissed by the District Court and they appeal.

▮ Although the parties have briefed and argued the lawfulness of the procedure followed by the Patent Office,[3] which was apparently approved by the District Court, we affirm on the ground that the case is premature for judicial consideration, since there was no final agency action of the Patent Office.[4] Even assuming that the Commissioner's approval of the examiner's procedure in deciding patentability before priority is not subject to reconsideration within the Patent Office,[5] this was only an interlocutory ruling in the consideration of appellants' application. Even assuming arguendo that appellants could sustain the burden of showing that the approach is an abuse of discretion or in

1. Massachusetts Institute of Technology v. Ladd, 231 F.Supp. 146 (1964).

2. See 35 U.S.C. § 102(e) (1964).

3. Appellee contends that the patentability of an application is a precondition to declaration of interference (see Patent Office Rule 201(b)), and that the examiner's approach of deciding patentability before priority has solid support in precedent. Brenner v. Manson, 383 U.S. 519, 528, n. 12, 86 S.Ct. 1033, 16 L.Ed.2d 69 (1966); Application of Rogoff, 261 F.2d 601, 606, 46 CCPA 733 (1958). Appellants insist that the precedents involved bars to patentability on grounds other than the patent of the potential inter-

ferant, so that the applicants could not have gotten a patent even if they prevailed in the interference.

4. Phillips Petroleum Co. v. Brenner, 127 U.S.App.D.C. ——, 383 F.2d 514 (June 29, 1967).

5. We have not tried to probe the limit of what we understand to be the general Patent Office approach that a board of appeals, being an adviser to the Commissioner, is not free to overrule his prior procedural determinations. We would hope, however, that there is a means available for a board of appeals, if it concluded that an imprudent procedural ruling by the examiner had seriously diluted

violation of Patent Office rules,[6] the courts will not consider the problem until there is a final agency decree rejecting appellants' application for patent. As matters stand, appellants may still obtain a ruling from the Patent Office Board of Appeals that their claims are patentable. If their application is finally rejected, they will then be in a position to argue in court that rejection was the unlawful product of an improper and arbitrary procedure.

Affirmed.

substantive rights, to bring the matter before the Commissioner for a further look without feeling powerless even to initiate reconsideration merely because the Commissioner had earlier determined that the examiner's procedural ruling had not been shown to have been arbitrary, a determination made on a record limited to a bare procedural issue, without substantive perspective.

6. *Compare* Newcastle Airport Comm'n v. CAB, 125 U.S.App.D.C. 268, 371 F.2d 733 (1966).

We note that it seems to be established Patent Office practice, in a situation where an applicant requests an interference with a pending application and does not swear behind what the examiner deems to be the effective filing date of the potential interferant, for the Patent Office to issue a patent to the senior applicant and then use that patent as a patentability reference against the junior applicant. *See* Manual of Patent Examining Procedure § 1101.01(i) (as revised July 5, 1965).